UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JERRY MOORE, YURIY GOLONKO, NICOLE PASS, SONYA DEWBERRY, DOROTHY JACKSON, ANTHONY OSBORN and DWAIN JONES,<br><br>Plaintiffs,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC and BAVARIAN MOTOR WORKS,<br><br>Defendants. | CIVIL ACTION NO.<br>1:18-cv-05169-JPB |

## **ORDER**

Before the Court is Plaintiffs Jerry Moore ("Moore"), Yuriy Golonko ("Golonko") and Dorothy Jackson's ("Jackson") (collectively "Plaintiffs")[1] Motion for Leave to File Second Amended Complaint ("Motion"). ECF No. 46. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

---

[1] The other named plaintiffs have been dismissed from the case.

I.  **BACKGROUND**

Moore, Golonko and Jackson seek leave to amend their complaint filed against Defendant BMW of North America, LLC ("BMW")[2] alleging that they purchased BMW vehicles designed with an N63 engine, which has "a manufacturing defect [that] causes each of the subject vehicles to consume engine oil at an extremely rapid rate."  They assert several causes of action, including Breach of Warranty Pursuant to the Magnuson-Moss Warranty Act (Count I); Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Federal Act and O.C.G.A § 11-2-314 (Count II); and Breach of Express Warranty Under O.C.G.A. § 11-2-313 (Count III).

Plaintiffs advised the Court in the parties' Joint Preliminary Report and Discovery Plan ("Discovery Plan") that they "anticipate[d] amending the complaint within 30 days of the entry of the scheduling order to allege additional causes of action arising under laws of . . . state(s) other than Georgia."  The instant Motion was filed within thirty days of the Court's entry of the Discovery Plan.

In their Motion, Plaintiffs seek leave to amend Count III of the Complaint (Breach of Express Warranty Under O.C.G.A. § 11-2-313) to assert claims under North Carolina and Washington law.  The proposed amendment, which is

---

[2] Defendant Bavarian Motor Works has been dismissed from the case.

2

reproduced below, comprises only a revision to the heading of the cause of action and does not involve any substantive changes to the underlying allegations:

<b><span style="color:red"><s>THIRD</s> SECOND</span> CAUSE OF ACTION</b><br>
<b>Breach of Express Warranty <span style="color:red"><s>U</s>u</span>nder Ga. Code Ann., § 11-2-313<span style="color:red">, N.C. Gen. Stat. § 25-2-313, and Wash. Rev. Code § 62A.2-313</span></b>

It thus appears Plaintiffs intend to assert a single cause of action for breach of express warranty that they wish to be analyzed under the law of three different states. They have not cited any authority to demonstrate that they are permitted to do so.

Plaintiffs argue that leave to amend should be granted because, among other things, the case is in its infancy and BMW filed its Answer only two months before they filed their Motion; and the amendment would not cause undue prejudice to BMW given that discovery has just begun and "there are no actual or any material conflicts between Georgia, North Carolina, and Washington express warranty statutes, as they apply to this case." Plaintiffs also argue that the amendment will not be futile because "many other courts that ruled on BMW's motion to dismiss near-identical breach of express warranty claims, uniformly concluded [that] such claims are properly plead[ed]."

BMW opposes Plaintiffs' Motion on the grounds of futility, undue delay and prejudice. BMW argues that the amendment would be futile because this is a

3

diversity jurisdiction case requiring the application of Georgia's choice of law principles, which means that Georgia law (the place the contract was executed) would apply and not North Carolina or Washington law. Plaintiffs did not file a reply brief or otherwise respond to this argument, so the Court considers it undisputed.

BMW additionally argues that it would be prejudiced by undue delay and jury confusion if Plaintiffs are allowed to amend their complaint eighteen months after it was originally filed with causes of action that will require the jury to grapple with different laws and standards for the same claim.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." While "[t]he court should freely give leave when justice so requires" (*id*.), Rule 15(a) "gives a district court 'extensive discretion' to decide whether or not to allow a party to amend a complaint," and the court does not abuse its "liberal discretion" by denying leave to amend when the amendment would prejudice the defendant, cause undue delays or is futile (*Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (internal citations omitted)). *See also Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that denial of leave to amend is only

appropriate where (1) there has been an undue delay, bad faith, dilatory motive or repeated failures to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile.).

Here, the Court finds that there has not been undue delay and amendment would not cause undue prejudice to BMW because Plaintiffs sought leave to amend the complaint within the timeframe set forth in the parties' Discovery Plan, and BMW had prior notice of the anticipated amendment. There is also no indication that the amendment would significantly expand the scope of discovery or cause other delays. Finally, the Court does not find BMW's argument regarding jury confusion persuasive because there is nothing extraordinary about presenting multiple theories of relief to a jury.

However, the Court finds that Plaintiffs' proposed amendment would be futile. As BMW argues, a claim for breach of express warranty sounds in contract, and under Georgia law, the law of the place of the contract (*i.e.* the purchase) would apply. *See Terrill v. Electrolux Home Prod., Inc.*, 753 F. Supp. 2d 1272, 1280 (S.D. Ga. 2010) (noting that "Georgia courts ordinarily apply . . . *lex loci contractus* (law of the state of contract) to contract actions") (internal citations omitted). Because there is no allegation here that the vehicles were purchased in

North Carolina or Washington, the Court agrees with BMW that there is no apparent reason why the law of those states would apply. And in failing to respond to BMW's argument, Plaintiffs have offered none.[3] The Court therefore finds that the claims under North Carolina and Washington law would fail as a matter of law if Plaintiffs are permitted to assert them.

In any event, Plaintiffs' failure to rebut BMW's argument on this issue means they have waived any opposition to it. *See In re Acuity Brands, Inc. Sec. Litig.*, No. 1:18-cv-2140-MHC, 2019 WL 10246166, at *28 (N.D. Ga. Aug. 12, 2019) (finding that the defendant's argument was "unopposed" because the plaintiffs did not respond to it); *Jones v. Bank of America, N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) (agreeing with the district court's conclusion that "when a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned").

For these reasons, the Court **DENIES** Plaintiffs' Motion (ECF. No. 46) as futile.

---

[3] Plaintiffs could have filed a reply brief to address this argument but chose not to do so. *See* N.D. Ga. Civ. R. 7.1(C) (stating that "[a] reply by the movant shall be permitted").

7

**SO ORDERED** this 17th day of February, 2021.

_____
J. P. BOULEE
United States District Judge